IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS HOWARD LENART,

    Petitioner,

vs.

ROBERT L. AYERS, Jr.,
Warden of San Quentin
State Prison,

    Respondent.

_____/

No. CIV S-05-1912 FCD KJM

DEATH PENALTY CASE

ORDER

    Petitioner moves to stay these federal proceedings pending resolution of his second state habeas corpus petition filed October 10, 2008.  Stating that he agrees that the California Supreme Court should be given the first opportunity to rule on the claims in the second petition, respondent does not oppose petitioner's motion for a stay.

    Generally, the court may stay a "mixed" petition containing exhausted and unexhausted claims in "limited circumstances" when "the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Rhines v. Weber, 544 U.S. 269, 277 (2005).  The Court did not define  "good cause."  Case law establishes only that it is something less than "extraordinary circumstances," and that courts should examine the reasons for the petitioner's failure to exhaust. Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir.

1  2005). Even if a court finds good cause, however, a stay is inappropriate if the unexhausted

2  claims are "plainly meritless" or petitioner has engaged in "abusive litigation tactics or

3  intentional delay." Rhines, 544 U.S. at 278.

4       This court previously has found the lack of clarity in California's timeliness rules

5  established good cause for petitioner's request for a stay pending resolution of his first state

6  habeas petition.

> In Rhines v. Weber, ___ U.S. ___, 125 S. Ct. 1528, 1535 (2005), the Supreme Court recognized the district court's authority to stay a mixed petition if it finds good cause for petitioner's prior failure to exhaust and merit to the claims petitioner is seeking to exhaust. In Pace, the Court stated that "reasonable confusion" over timeliness rules would "ordinarily" amount to good cause. 125 S. Ct. at 1813-14. At this point in time, California's timeliness rules lack clarity. Cf. Dennis v. Brown, 361 F. Supp. 2d 1124, 1132-34 (N.D. Cal. 2005). It is reasonable for petitioner to be confused about their potential application to his case. He has met the good cause standard under Rhines. Further, a review of the petition shows petitioner's claims are not plainly meritless. A stay is appropriate.

14 Oct. 28, 2005 Order at 1-2. Petitioner again alleges the confusion in California's procedural

15 rules establishes good cause for a stay of these proceedings.

16      Based on the reasoning in this court's October 28 order, petitioner has shown

17 good cause for a stay. In addition, petitioner's unexhausted claims are not plainly meritless and

18 there is no indication petitioner has engaged in intentionally dilatory tactics.

19      Accordingly, and in consideration of respondent's lack of opposition to the

20 request for a stay, IT IS HEREBY ORDERED as follows:

21      1. Petitioner's October 16, 2008 Motion to Stay Litigation of Federal Habeas

22 Proceedings is granted.

23      2. Petitioner shall inform this court within ten days after the California Supreme

24 Court resolves his habeas petition filed there on October 10, 2008. If it is not resolved within

25 /////

26 /////

1 ninety days of the date of this order, petitioner shall at that time file a status report on the
2 progress of the state habeas petition.  Petitioner shall continue to file status reports every ninety
3 days until the California Supreme Court resolves the state petition.
4 DATED: November 4, 2008.

_____
U.S. MAGISTRATE JUDGE

lenart