IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS HOWARD LENART,

    Petitioner,

vs.

WARDEN, San Quentin State Prison,

    Respondent.

                                  /

No. 2:05-cv-1912 MCE CKD

DEATH PENALTY CASE

ORDER

        This proceeding is currently stayed pending resolution of petitioner's state court exhaustion petition. Petitioner moves to lift the stay for the purpose of amending his federal petition. For the reasons set forth below, this court grants petitioner's motion.

MOTION TO AMEND

I. <u>Procedural Background</u>

        This action is proceeding on petitioner's first amended petition filed October 10, 2008. (Dkt. No. 45.) Also on October 10, 2008, petitioner filed a second state habeas petition

////

////

////

1

raising unexhausted claims.  In re Lenart, No. S167453.[1]  On November 5, 2008, the court granted petitioner's unopposed request to stay these proceedings pending the state court's resolution of his habeas petition. (Dkt. No. 56.)  The California Supreme Court has not resolved the second state petition.

In April 2012, petitioner moved this court to lift the stay and for leave to perpetuate the testimony of witness Frank O'Connor.  The court granted that motion on April 6, 2012. (Dkt. No. 90.)  Petitioner deposed Mr. O'Connor in June. (Dkt. No. 94.)  On October 15, 2012, petitioner filed a third habeas petition in the California Supreme Court raising two new claims of ineffective assistance of counsel, which petitioner contends are based on information learned during Mr. O'Connor's deposition.  In re Lenart, No. S205999.  On October 22, the California Supreme Court ordered the parties to file informal briefing on the third state petition.  Respondent filed an informal response on November 26.  On November 1, petitioner filed the present motion in this court to again lift the stay temporarily and for permission to amend the first amended petition with the two new ineffective assistance of counsel claims. (Dkt. No. 96.)  Respondent opposes the motion. (Dkt. No. 100.)

II. Legal Standards

A petition for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242; see also Rule 12, Rules Governing § 2254 Cases (Federal Rules of Civil Procedure are applicable to federal habeas proceedings "to the extent that they are not inconsistent.")  Federal Rule of Civil Procedure 15(a) permits a party to amend its pleading "once as a matter of course" either 21 days after service or, if the pleading is "one to which a responsive pleading is required, 21 days after service of the responsive pleading . . . . [¶] In all other cases, a party may amend its pleading only

////

---

[1] The dockets for cases before the California Supreme Court can be found at http://appellatecases.courtinfo.ca.gov/.

with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

Rule 15 is not a perfect fit in a federal capital habeas case because a responsive pleading must be ordered by the court and may be filed a great deal of time after the filing of the petition, as is true in the present case. See Rule 5(a), Rules Governing § 2254 Cases. However, the Ninth Circuit Court of Appeals has looked to Rule 15's standards, and the cases interpreting them, when determining the propriety of a request to amend a capital habeas petition. See In re Morris, 363 F.3d 891 (9th Cir. 2004). The court in Morris described the appropriate considerations:

> Under Rule 15(a), leave to amend "shall be freely given when justice so requires." Fed. R. Civ. Petitioner. 15(a). We have held that leave to amend, although within the discretion of the trial court, "should be guided by the underlying purpose of Rule 15(a) ... which was to facilitate decisions on the merits, rather than on technicalities or pleadings." James v. Pliler, 269 F.3d 1124, 1126 (9th Cir. 2001). A district court may, however, take into consideration such factors as "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir.1995).

Id. at 894. The "crucial factor" in determining the propriety of a motion to amend is "the resulting prejudice to the opposing party." Howey v. United States, 481 F.2d 1187, 1190 (9th Cir. 1973). The court in Howey further noted that denying leave to amend would be an abuse of discretion "[w]here there is a lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith." Id. at 1190-91.

III. Analysis

Respondent asserts that the court should deny petitioner's request because petitioner was aware, or should have been aware, of the facts underlying these two claims long ago.[2] The court rejects the idea that petitioner purposely delayed raising these issues, and

---

[2] Respondent also briefly mentions that petitioner learned the information that formed the bases for these new claims during a deposition that was meant to preserve testimony, not

3

respondent does not argue petitioner is acting in bad faith or otherwise attempting to delay these proceedings.  More importantly, respondent makes no showing of any sort of prejudice.  Respondent's citation to Foman v. Davis, 371 U.S. 178, 182 (1962) for the stated proposition that "unreasonable delay in filing a claim justifies the denial of a motion for leave to amend" is not well taken.  The Court in Foman listed the considerations mentioned above by the Court of Appeals in Morris.  The Court did not state that delay alone would be sufficient to deny leave to amend.  In fact, the Court of Appeals has noted that "delay alone has not been deemed sufficient grounds to deny a Rule 15(a) motion to amend." Howey, 481 F.2d at 1191; see also DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987) (same); United States v. Webb, 655 F.2d 977, 980 (9th Cir. 1981) (same).

      Respondent also argues that petitioner's claims are frivolous and, with respect to one claim, should fail because it is raised outside the statute of limitations, apparently suggesting that amendment would be futile.  The court rejects also this suggestion; petitioner has made a colorable showing in proposed claim 1(V) that he received ineffective assistance of counsel based on Mr. O'Connor's hiring of Mr. Pearce, assignment of Mr. Pearce to petitioner's case, and failure to supervise Mr. Pearce.  (See Dkt. No. 96 at 28-51.)  Petitioner has also made a colorable showing in proposed claim 1(W) that Mr. Pearce rendered ineffective assistance of counsel when he failed to disclose his state bar status to Mr. O'Connor and when he failed to inform petitioner that he had the right to new counsel when the county public defender contract was awarded to another attorney.  (See Dkt. No. 96 at 52-56.)  Indeed, as respondent points out, these new claims are intertwined with petitioner's existing claims of ineffective assistance of counsel.  Further, respondent's assertion that the statute of limitations bars petitioner's claim that Mr. Pearce failed to notify petitioner of his right to new counsel because it does not relate back to

---

provide discovery.  While it is true that the court granted petitioner's motion to preserve Mr. O'Connor's testimony, it is not surprising that petitioner may have learned new information when Mr. O'Connor was required to respond to all questions asked.

4

claims in the original petition is nothing more than that - an assertion.  For purposes of his motion to amend, petitioner has adequately shown this claim is colorable.

There is no indication petitioner seeks to amend the petition in bad faith or as a dilatory maneuver.  In fact, petitioner has shown his good faith by raising these claims in the California Supreme Court before seeking amendment here.  This court must consider requests to amend "with extreme liberality." Farnan v. Capistrano Unified School Dist., 654 F.3d 975, 985 (9th Cir. 2011) (internal citations omitted), cert. denied, 132 S. Ct. 1566 (2012).  Based on petitioner's showing that his claims are colorable and respondent's failure to establish the "crucial factor" of prejudice, petitioner's motion to amend will be granted.  See Howey, 481 F.2d at 1190.

## MOTION TO STAY

Petitioner seeks to stay these federal proceedings pending resolution of both current state habeas actions.  As stated above, in November 2008, this court stayed these proceedings pending the California Supreme Court's resolution of petitioner's October 10, 2008 state habeas petition. (Dkt. No. 56.)  Petitioner essentially asks this court to amend that 2008 stay to cover his October 15, 2012 state habeas petition as well.  Respondent's opposition brief does not address petitioner's request for a stay.  (Dkt. No. 100.)  For the reasons set forth in the November 2008 Order, the court will amend that stay to include petitioner's third state habeas corpus petition.

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. The November 4, 2008 stay in this case is lifted temporarily to permit consideration of petitioner's motion.

2. Petitioner's motion to amend (Dkt. No. 96) is granted.

3. Petitioner's request to be relieved of the obligation to file an amended petition immediately is also granted.  Cf. Local Rule 137(c), 220.  Petitioner has attached both new

claims to his motion so respondent has notice of the substance of each claim. After completing exhaustion, petitioner shall incorporate his new claims in a second amended petition.

4. Petitioner's request to amend the November 4, 2008 stay of these proceedings to include the California Supreme Court's decisions on both pending state habeas proceedings is granted. Paragraph 2 of the November 4, 2008 Order (Dkt. No. 56) is amended as follows:

> 2. Petitioner shall inform this court within ten days after the California Supreme Court resolves his habeas petitions filed there on October 10, 2008 and October 15, 2012. If either or both of those petitions is not resolved within ninety days of the date of this order, petitioner shall at that time file a status report on the progress of the state habeas petition(s) which remain before the California Supreme Court. Petitioner shall continue to file status reports every ninety days until the California Supreme Court resolves each state petition.

Dated: December 6, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

lenart pet am.or