1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    THOMAS HOWARD LENART,                    No.  2:05-cv-1912 MCE CKD

12              Petitioner,                    DEATH PENALTY CASE

13         v.

14    WARDEN, San Quentin State Prison,        ORDER

15              Respondent.

16

17         On June 5, 2013, the undersigned heard continued argument on petitioner's motion to

18    stipulate to declarations and/or perpetuate testimony of seven witnesses. (ECF No. 105.)  Lissa

19    Gardner appeared for petitioner. Wesley Van Winkle participated by telephone for petitioner.

20    Ward Campbell appeared for respondent.  After considering the parties' briefs and the arguments

21    of counsel, the court finds and orders as follows.

22         A court may permit the preservation of testimony by deposition upon a showing that the

23    testimony is material to a party's claims and there is a risk that the testimony may be permanently

24    lost if the party is required to wait through the normal course of litigation.  See Fed. R. Civ. P.

25    27(a);  Penn Mutual Life Ins. Co. v. United States, 68 F.3d 1371, 1375 (D.C. Cir. 1995)

26    (permitting deposition of elderly witnesses to preserve testimony).  Petitioner demonstrates that

27    the seven witnesses' expected testimony is material to his claims of ineffective assistance of

28    counsel and his claim that his death sentence violates the Eighth Amendment because he is

                                            1

1    mentally disordered.  (Am. Pet., ECF No. 45, Claims 1, 22, and 38.)  With respect to all witnesses

2    except Dr. Tivoli, petitioner also demonstrates that their testimony may become unavailable if it

3    is not obtained soon.  See Penn Mutual, 68 F.3d at 1375.

4         Respondent has not established that permitting the perpetuation of testimony at this stage

5    of the proceedings is inappropriate.  Cf. Cullen v. Pinholster, 118 S. Ct. 1411 n. 20 ("[W]e need

6    not decide . . . whether a district court may ever choose to hold an evidentiary hearing before it

7    determines that § 2254(d) has been satisfied.")  Respondent's attempt to characterize petitioner's

8    motion as seeking discovery or expansion of the record is not well taken.  Respondent has not

9    shown that petitioner is seeking to admit testimony beyond that provided in the witnesses'

10   declarations submitted to the state court and herein.  In fact, petitioner seeks admission of the

11   witnesses' declarations as their direct testimony in lieu of depositions.[1]  Further, because the

12   expected testimony is before the state court, exhaustion is not an issue at this point.  See Picard v.

13   Connor, 404 U.S. 270, 275 (1971) (to be exhausted, federal claim must be "fairly presented" to

14   the state court); Batchelor v. Cupp, 693 F.2d 859, 862 (9th Cir. 1982) (claim exhausted where

15   state court has had an opportunity to consider its merits).

16        Accordingly, and good cause appearing, IT IS HEREBY ORDERED as follows:

17        1. The stay of these proceedings issued in November 2008 (Dkt. No. 56) is lifted

18   for the limited purpose of the perpetuation of testimony permitted below.

19        2. Petitioner's motion to stipulate to declarations and/or to perpetuate testimony (ECF No.

20   105) is granted with respect to the following witnesses:  Dr. Globus, Dr. Wilson, Jack Suter, Flora

21   Mortell, Claudean Crews Watkins, and E.C. Eddings.  The testimony of these witnesses may be

22   taken by stipulated declaration, if the respondent so agrees, or by deposition.

23   Dated:  June 7, 2013

24   _____
     CAROLYN K. DELANEY

25   UNITED STATES MAGISTRATE JUDGE

26   _____

27   [1]  Respondent also objected to taking the deposition of Dr. Globus because he claimed he had not
     received a copy of a report to which Dr. Globus refers in his declaration.  At the June 5 hearing,
     petitioner's counsel informed the court that she had provided respondent's counsel with a copy of

28   that report.

2