UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS HOWARD LENART, | No. 2:05-cv-1912 MCE CKD |
| Petitioner, | DEATH PENALTY CASE |
| v. | |
| WARDEN, San Quentin State Prison, | ORDER |
| Respondent. | |

On June 5, 2013, the undersigned heard continued argument on petitioner's motion to stipulate to declarations and/or perpetuate testimony of seven witnesses. (ECF No. 105.)  Lissa Gardner appeared for petitioner. Wesley Van Winkle participated by telephone for petitioner. Ward Campbell appeared for respondent.  After considering the parties' briefs and the arguments of counsel, the court finds and orders as follows.

A court may permit the preservation of testimony by deposition upon a showing that the testimony is material to a party's claims and there is a risk that the testimony may be permanently lost if the party is required to wait through the normal course of litigation.  See Fed. R. Civ. P. 27(a); Penn Mutual Life Ins. Co. v. United States, 68 F.3d 1371, 1375 (D.C. Cir. 1995) (permitting deposition of elderly witnesses to preserve testimony).  Petitioner demonstrates that the seven witnesses' expected testimony is material to his claims of ineffective assistance of counsel and his claim that his death sentence violates the Eighth Amendment because he is

1

mentally disordered. (Am. Pet., ECF No. 45, Claims 1, 22, and 38.) With respect to all witnesses except Dr. Tivoli, petitioner also demonstrates that their testimony may become unavailable if it is not obtained soon. See Penn Mutual, 68 F.3d at 1375.

Respondent has not established that permitting the perpetuation of testimony at this stage of the proceedings is inappropriate. Cf. Cullen v. Pinholster, 118 S. Ct. 1411 n. 20 ("[W]e need not decide . . . whether a district court may ever choose to hold an evidentiary hearing before it determines that § 2254(d) has been satisfied.") Respondent's attempt to characterize petitioner's motion as seeking discovery or expansion of the record is not well taken. Respondent has not shown that petitioner is seeking to admit testimony beyond that provided in the witnesses' declarations submitted to the state court and herein. In fact, petitioner seeks admission of the witnesses' declarations as their direct testimony in lieu of depositions.[1] Further, because the expected testimony is before the state court, exhaustion is not an issue at this point. See Picard v. Connor, 404 U.S. 270, 275 (1971) (to be exhausted, federal claim must be "fairly presented" to the state court); Batchelor v. Cupp, 693 F.2d 859, 862 (9th Cir. 1982) (claim exhausted where state court has had an opportunity to consider its merits).

Accordingly, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. The stay of these proceedings issued in November 2008 (Dkt. No. 56) is lifted for the limited purpose of the perpetuation of testimony permitted below.

2. Petitioner's motion to stipulate to declarations and/or to perpetuate testimony (ECF No. 105) is granted with respect to the following witnesses: Dr. Globus, Dr. Wilson, Jack Suter, Flora Mortell, Claudean Crews Watkins, and E.C. Eddings. The testimony of these witnesses may be taken by stipulated declaration, if the respondent so agrees, or by deposition.

Dated: June 7, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

---

[1] Respondent also objected to taking the deposition of Dr. Globus because he claimed he had not received a copy of a report to which Dr. Globus refers in his declaration. At the June 5 hearing, petitioner's counsel informed the court that she had provided respondent's counsel with a copy of that report.