UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| THOMAS HOWARD LENART, | No. 2:05-cv-1912 MCE CKD |
|---|---|
| Petitioner, | <u>DEATH PENALTY CASE</u> |
| v. | |
| WARDEN, San Quentin State Prison, | <u>ORDER</u> |
| Respondent. | |

Respondent's motion for discovery came on for hearing on August 14, 2013. Jesse Witt and Sean McCoy appeared for respondent. Lissa Gardner and Wesley Van Winkle appeared for petitioner. After considering the parties' briefs and hearing the arguments of counsel, the court finds and orders as follows.

On June 7, 2013, the court lifted the stay of these proceedings to consider petitioner's motion to perpetuate testimony. (ECF No. 120.) The court granted petitioner's motion with respect to several witnesses, including Dr. Wilson, Dr. Globus, and Jack Suter, and ordered their testimony taken by deposition, as requested by petitioner. (<u>Id.</u>) On July 5, 2013, respondent moved for discovery of materials he argues are necessary to cross-examine each of these witnesses. (ECF No. 121.) Petitioner opposes the motion for a variety of reasons. (ECF No. 124.) However, petitioner provides no authority precluding the court from permitting the discovery requested.

The court finds that the equities weigh in favor of permitting full cross-examination so that, if necessary, the preserved testimony of these witnesses may be considered by this court. Under Rule 6 of the Rules Governing Section 2254 Cases, discovery will be permitted upon a showing of good cause. The court recognizes that much of the discovery sought is protected and/or privileged and, while petitioner has waived those protections and privileges in making his claims of ineffective assistance of counsel, that waiver must be narrowly drawn. See <u>Bittaker v. Woodford</u>, 331 F.3d 715, 721-27 (9th Cir. 2003). With these considerations in mind, IT IS HEREBY ORDERED as follows:

1. The stay of these proceedings is lifted for the purpose of considering respondent's pending motion.
2. Respondent's motion for discovery is granted in part and denied in part. Respondent has shown good cause for the following discovery:
   a. Six-page letter prepared by Dr. Wilson prior to trial.
   b. Documents reviewed and relied on by Dr. Wilson in preparation of the six-page letter.
   c. All documents reflecting communications among Dr. Wilson and petitioner, petitioner's trial counsel, and petitioner's trial investigators that are relevant to petitioner's ineffective assistance of counsel claims.
   d. All documents reviewed and relied upon by Dr. Wilson in preparation of his habeas declaration.
   e. All materials provided to Dr. Globus by trial counsel that are relevant to petitioner's ineffective assistance of counsel claims.
   f. All documents reflecting communications between Dr. Globus and trial counsel that relate to petitioner's ineffective assistance of counsel claims.
   g. Any notes made by Dr. Globus in relation to his examination of petitioner and preparation of his report regarding petitioner that are relevant to petitioner's ineffective assistance of counsel claims.

////

      h.  Documents reviewed and relied on by Dr. Globus in preparation of his habeas declaration.

      i.  All documents reflecting communications between Dr. Globus and petitioner that relate to petitioner's ineffective assistance of counsel claims.

Respondent has failed to demonstrate good cause for the remaining discovery sought in his motion and those requests are denied.

3. Within twenty days of the filed date of this order, petitioner shall file a proposed protective order to cover any protected and/or privileged material to be provided to respondent pursuant to this order. Within ten days thereafter, respondent shall file a response, which, if respondent disagrees with any aspect of petitioner's proposed order, shall include a proposed protective order. Within five days of the response, petitioner may file a reply. The court will schedule argument on the protective order, if necessary. Petitioner need not provide respondent any privileged and/or protected documents pursuant to paragraph 2 of the present order until the court has issued the protective order.

Dated: August 15, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

lenart r disco.or