UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS HOWARD LENART,<br><br>  Petitioner,<br><br>  v.<br><br>ROBERT L. AYERS, JR., Warden,<br><br>  Respondent. | No. 2:05-cv-01912-MCE-CKD<br><br><br>**MEMORANDUM AND ORDER** |

Petitioner Thomas Howard Lenart ("Petitioner") seeks reconsideration of the magistrate judge's order ("Order"), ECF No. 127, granting in part Respondent's motion for discovery, ECF No. 121. For the following reasons, Petitioner's Motion for Reconsideration ("Motion"), ECF No. 129, is DENIED.

///
///
///
///
///
///
///
///

1

## BACKGROUND

In 2008, this Court stayed Petitioner's federal habeas proceedings in this death penalty case pending resolution of the state court proceedings.  On June 7, 2013, the magistrate judge lifted the stay for the limited purpose of granting Petitioner's motion to perpetuate testimony because Petitioner had demonstrated that certain witnesses, due to their age, might soon become unavailable, and those witnesses' expected testimony was "material to [Petitioner's] claims of ineffective assistance of counsel and his claim that his death sentence violates the Eighth Amendment."  Order Lifting Stay 1-2, June 7, 2013, ECF No. 120.  After the magistrate judge granted Petitioner's motion to perpetuate testimony, Respondent filed a motion for discovery contending that a number of materials sought are necessary to cross-examine those witnesses at their depositions. After full briefing and a hearing on the matter, the magistrate judge granted in part Respondent's motion for discovery and directed Petitioner to file a proposed protective order addressing any privilege issues.  Petitioner instead filed the instant Motion.  This Court heard oral argument on that Motion on November 14, 2013.

## ANALYSIS

Pursuant to Eastern District of California Local Rule 72-303(f), Petitioner is entitled to reconsideration if the magistrate judge's decision is either "clearly erroneous or contrary to law."  See 28 U.S.C. § 636(b)(1)(A).  Petitioner has not shown he is entitled to such relief here.

Rule 6(a) of the Rules Governing Section 2254 Cases provides, "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery."  Rules Governing § 2254 Cases, Rule 6, 28 U.S.C.A. foll. § 2254.

///

The Advisory Committee Notes to Rule 6(a) recognize that the Rule "contains very little specificity as to what types and methods of discovery should be available to the parties in a habeas petition." Id. at Advisory Committee Notes.  The Notes further explain that the purpose of Rule 6(a) "is to get some experience in how discovery would work in actual practice by letting district court judges fashion their own rules in the context of individual cases." Id.

In this case, the magistrate judge explained "that the equities weigh in favor of permitting full cross-examination so that, if necessary, the preserved testimony of these witnesses may be considered by this court." Order at 2.  After explicitly finding that "Respondent has shown good cause," the magistrate judge authorized discovery under Rule 6(a) and noted that "[P]etitioner provides no authority precluding the court from permitting the discovery requested." Id. at 1, 2.  Indeed, Petitioner conceded during oral argument "that there's nothing in the rules that says it's impermissible." Hr'g Tr. 12, Aug. 26, 2013, ECF No. 128.

Given the absence of authority precluding the magistrate judge from granting discovery, and given Rule 6(a)'s stated goal of permitting district court judges to fashion the applicable rules to the context of each particular case, this Court finds that the magistrate judge's ruling is neither clearly erroneous nor contrary to law.  Petitioner has therefore failed to demonstrate he is entitled to reconsideration.

**CONCLUSION**

Petitioner's Motion for Reconsideration (ECF No. 129) is DENIED.

IT IS SO ORDERED.

Dated: November 19, 2013

MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT