UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| THOMAS HOWARD LENART, | No. 2:05-cv-1912 MCE CKD |
|---|---|
| Petitioner, | DEATH PENALTY CASE |
| v. | |
| WARDEN, San Quentin State Prison, | ORDER |
| Respondent. | |

As required by the August 15, 2013 order, petitioner filed a proposed protective order regarding respondent's discovery of petitioner's trial attorneys' files. (ECF Nos. 127, 139.) Respondent objects to portions of the proposed protective order. (ECF No. 140.) Petitioner did not file a reply.

Petitioner's proposed protective order largely mirrors the protective order approved by the Court of Appeals in Bittaker v. Woodford, 331 F.3d 715, 717 n.1 (9th Cir. 2003), with one exception. Petitioner includes a paragraph limiting respondent's use of the discovered materials to the "preparation and conduct of depositions of witness[es] for whom this court has previously granted petitioner leave to depose for purposes of preservation of evidence pursuant to Rule 27." (ECF No. 139 at 2:26 – 3:3.) For several reasons, this court finds the limitation proposed by petitioner to be appropriate. First, this court permitted respondent to discover petitioner's trial counsel's files solely for the purpose of the depositions of the witnesses whose testimony will be

1. preserved. (ECF No. 127.) This is an unusual situation. It is not the situation that confronted the
2. court in <u>Bittaker</u>. There, the court considered a protective order issued during normal discovery
3. in the federal habeas proceeding. Second, the proceedings in the present case are stayed. That
4. stay was lifted solely for the limited purpose of proceedings related to petitioner's preservation of
5. evidence. (ECF Nos. 120, 127.) Finally, until the standards set out in 28 U.S.C. § 2254(d) are
6. satisfied, this court may not consider evidence that was not before the state court. <u>See</u> <u>Cullen v.
7. Pinholster</u>, 131 S. Ct. 1388, 1398-1401 (2011). Therefore, respondent's argument that he should
8. be permitted to include information gleaned through the discovery in his answer in this court is
9. premature. Accordingly, the court finds petitioner's proposed limitation on respondent's use of
10. the discovered files appropriate at this time.

11. Respondent further asks this court to rule in advance on any use petitioner might make in
12. state court of the preserved testimony. This court will not rule on a matter that is not before it.
13. The parties may seek amendments to the protective order if necessary.

14. For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED that the
15. protective order proposed by petitioner in his December 6, 2013 filing (ECF No. 139) is adopted.

16. Dated: January 13, 2014

17. _____
   CAROLYN K. DELANEY
18. UNITED STATES MAGISTRATE JUDGE

27. lenart prot or.or

2